UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO:

AKINYELE ADAMS,

    Plaintiffs,

v.

THE CITY OF MIAMI BEACH, a Florida
Municipal Corporation.

    Defendant.
_____/

## COMPLAINT

Comes now the Plaintiff, AKINYELE ADAMS and sues the Defendant, THE CITY OF MIAMI BEACH, a Florida Municipal Corporation, and states as follows:

1. This is an action for damages seeking recovery pursuant to 42 U.S.C. §1983 and various pendant state claims for which this Court has supplemental jurisdiction. Because Plaintiff alleges a violation of a federal statute, this Court has jurisdiction. Further, venue is proper because the actions complained of occurred in Miami-Dade County, Florida, which is within this judicial district.

2. At all times material, the Plaintiff, Akinyele Adams, was a resident of the State of Florida, employed by Twin 918 LLC. At all times material Adams was also the principal owner of Twin 918 LLC.

1

3. Defendant, The City of Miami Beach, ("The City"), was and is, a Florida Municipal Corporation located in Miami-Dade County and at all times material hereto, it acted through its agents, employees and servants. Plaintiff has complied with all conditions precedent to the filing of this suit against The City pursuant to Section 768.28 Fla. Stat.

4. The Netherland Condominium is a mixed-use condominium building containing residential and commercial units located in an area of Miami Beach designated as "mixed use entertainment," under Section 142-71 of the Miami Beach Code of Ordinances.

5. In 2016, E.D.Y. Inc., (hereinafter "E.D.Y."), was the owner of units C-6 and C-17 at the condominium.

6. On or about July 1, 2016, E.D.Y leased the aforementioned units to the Twin 918, which then applied to the City of Miami Beach for permission to operate the venue as a restaurant with entertainment.

7. On July 29, 2016, the Netherland Association, in opposition to Twin 918's proposed use, made a formal request for an "administration determination" to the City of Miami Beach, through the City Planning Director, for a land use and zoning determination letter concerning Twin 918's proposed use. A copy of the Netherland Association's request to the City of Miami Beach is attached as Exhibit AA.

8. On August 2, 2016, the City of Miami Beach, through the City Planning Director, issued an Administration Determination Letter, (see Exhibit BB attached), concluding that Twin 918's proposed use of the leased premises was permitted and complied

with the applicable provisions of the City of Miami Beach Code of Ordinances.

9. On August 25, 2016, the Netherland Association, through its counsel, filed a letter of appeal to the Board of Adjustment of the City of Miami Beach with respect to the findings in the Administration Determination Letter. (See Exhibit CC attached). On the same date, the Netherland Association filed letters of appeal to the City of Miami Beach's Planning Board and the City's Historic Presentation Board.

10. On August 30, 2016, the City of Miami Beach, through the City Attorney, indicated that the Netherland Association's appeal would not be submitted to the Board of Adjustment because the appeal was untimely. A copy of the letter from the City Attorney is attached as Exhibit DD.

11. On September 1, 2016, the Netherland Association then filed a Verified Emergency Complaint For Writ of Mandamus in Miami-Dade County Circuit Court, (see Exhibit EE), case number 16-022662, seeking an order compelling the City of Miami Beach to hear and decide its appeal to the Board of Adjustment before Twin 918 commenced operations at the leased premises.

12. On November 1, 2016, the Miami-Dade County Circuit Court entered an order granting the City's Motion to Dismiss the Verified Complaint for Writ of Mandamus. In said order, the Court also granted the Netherland Association leave to file an amended complaint within 20 days.

13. On November 4, 2016, the Netherland Association then filed its Verified Emergency First Amended Complaint for Declaratory and Injunctive Relief against the City

3

of Miami Beach, and related government officials and entities, including the Board of Adjustment, Jimmy Morales, the City Manager, and Thomas Mooney, the Director of the Planning Department.  In said Amended Complaint, (see Exhibit FF, exhibits to Amended Complaint omitted),the Netherland sought relief in the form of: (1) a declaration that the City acted in excess of its authority in dismissing the Board of Adjustment Appeal, and (2) injunctive relief ordering the Defendants to entertain the Board of Adjustment Appeal.

14. On January 20, 2017, the Circuit Court entered an order granting Defendants' Motion to Dismiss [Netherland Association's] First Amended Complaint For Declaratory And Injunctive Relief with Prejudice. (See Exhibit GG attached).

15. Thereafter, having failed through legitimate and legal means to thwart the Plaintiff Adams in the operation of his business, The Netherland, with the assistance of the City of Miami Beach, initiated a persistent and continuing illegal campaign of harassment and intimidation designed to effectively discredit, punish and ruin Plaintiff Adams and "shut down" Twin 918's operations.

**COUNT I**
**PLAINTIFF ADAMS' FALSE ARREST CLAIM AGAINST**
**THE CITY FOR MAY 26, 2017 ARREST**

16. The Plaintiff Adams realleges and reavers the allegations contained in paragraphs 1 - 15 above as if fully set forth herein.

17. On January 29, 2017 at 4 a.m., the Plaintiff Adams was arrested by the City of Miami Beach Police Department outside of the Plaintiff's business establishment at 1330 Ocean Dr.

18. The charge, as cited by the Complaint/Arrest Affidavit in Court Case # B-17-002819 (attached as Exhibit HH), is that of prohibited unnecessary and excessive noise in violation of Section 21-28 of the Miami - Dade County Code.

19. The actions by the City's officers, agents and employees, acting within the course and scope of their employment and for which the Defendant City is vicariously liable, were without probable cause and were taken in the absence of lawful authority.

20. The actions by the City's officers, agents and employees, acting within the course and scope of their employment and for which the Defendant City is vicariously liable, constitute the false arrest of the Plaintiff Adams.

21. The above referenced Court Case, # B-17-002819, was terminated in favor of Plaintiff Adams when the Plaintiff Adams' charges were *nolle prossed*.

22. As a result of the City's actions, the Plaintiff Adams has sustained compensatory damages, including but not limited to damages for the pain, suffering, humiliation and damage to reputation to which the Plaintiff Adams has been subjected, economic damages in the form of lost income and attorney fees, and such other additional equitable relief as may be just and proper.

## COUNT II
## PLAINTIFF ADAMS' FALSE ARREST CLAIM AGAINST
## THE CITY FOR JANUARY 30, 2017 ARREST

23. The Plaintiff Adams realleges and reavers the allegations contained in paragraphs 1 - 15 above as if fully set forth herein.

24. On January 30, 2017, at 3:44 a.m., the Plaintiff Adams was again arrested by the City of Miami Beach Police Department for alleged violation of Section 21-28 of the Miami – Dade County Code. See Complaint/Arrest Affidavit in Court Case # B-17-002435, attached as Exhibit II.

25. The actions by the City's officers, agents and employees, acting within the course and scope of their employment and for which the Defendant City is vicariously liable, were without probable cause and were taken in the absence of lawful authority.

26. The actions by the City's officers, agents and employees, acting within the course and scope of their employment and for which the Defendant City is vicariously liable, constitute the false arrest of the Plaintiff Adams.

27. The above referenced Court Case, # B-17-002435, was terminated in favor of the Plaintiff Adams when the Plaintiff Adams' charges were *nolle prossed*.

28. As a result of the City's actions, the Plaintiff Adams has sustained compensatory damages, including but not limited to damages for the pain, suffering, humiliation and damage to reputation to which the Plaintiff Adams has been subjected, economic damages in the form of lost income and attorneys fees, and such other additional equitable relief as may be just and proper.

6

## COUNT III
## PLAINTIFF ADAMS' FALSE ARREST CLAIM AGAINST
## THE CITY FOR MAY 26, 2017 ARREST

29. The Plaintiff Adams realleges and reavers the allegations contained in paragraphs 1 - 15 above as if fully set forth herein.

30. On May 26, 2017 10:22 p.m., the Plaintiff Adams was again arrested by the Miami Beach Police Department for alleged violation of Section 21-28 of the Miami - Dade County Code. See Complaint/Arrest Affidavit in Court Case # B-17-013889 attached as Exhibit JJ.

31. The actions by the City's officers, agents and employees, acting within the course and scope of their employment and for which the Defendant City is vicariously liable, were without probable cause and were taken in the absence of lawful authority.

32. The actions by the City's officers, agents and employees, acting within the course and scope of their employment and for which the Defendant City is vicariously liable, constitute the false arrest of the Plaintiff Adams.

33. The above referenced Court Case, # B -17-013889, was terminated in favor of the Plaintiff Adams when the Plaintiff Adams' charges were *nolle prossed*.

34. As a result of the City's actions, the Plaintiff Adams has sustained compensatory damages, including but not limited to damages for the pain, suffering, humiliation and damage to reputation to which the Plaintiff Adams has been subjected

## COUNT IV
## PLAINTIFF ADAMS' FALSE ARREST CLAIM AGAINST
## THE CITY FOR MAY 31ST 2017 ARREST

35. The Plaintiff Adams realleges and reavers the allegations contained in paragraphs 1 - 15 above as if fully set forth herein.

36. On May 31, 2017, at 3:43 a.m., the Plaintiff Adams was again arrested by the City of Miami Beach Police Department for alleged violation of Section 21-28 of the Miami - Dade County Code. See Complaint/Arrest Affidavit in Court Case # B-17-014179, attached as Exhibit KK.

37. The actions by The City's officers, agents and employees, acting within the course and scope of their employment and for which the Defendant City is vicariously liable, were without probable cause and were taken in the absence of lawful authority.

38. The actions by The City's officers, agents and employees, acting within the course and scope of their employment and for which the Defendant City is vicariously liable, constitute the false arrest of the Plaintiff Adams.

39. The above referenced Court Case, # B-17-014179, was terminated in favor of the Plaintiff Adams when the Plaintiff Adams' charges were *nolle prossed*.

40. As a result of the City's actions, the Plaintiff Adams has sustained compensatory damages, including but not limited to damages for the pain, suffering, humiliation and damage to reputation to which the Plaintiff Adams has been subjected, economic damages in the form of lost income and attorneys fees, and such other additional equitable relief as may be just and proper.

## COUNT V
## PLAINTIFF ADAMS' FALSE ARREST CLAIM AGAINST THE CITY FOR JUNE 4, 2017 ARREST

41. The Plaintiff Adams realleges and reavers the allegations contained in paragraphs 1 - 25 above as if fully set forth herein.

42. On June 4, 2017, at 12:28 a.m., the Plaintiff Adams was again arrested by the City of Miami Beach Police Department for alleged violation of Section 21-28 of the Miami - Dade County Code. See Complaint/Arrest Affidavit in Court Case # B-17-015093, attached as Exhibit LL.

43. The actions by the city's officers, agents and employees, acting within the course and scope of their employment and for which the Defendant City is vicariously liable, were without probable cause and were taken in the absence of lawful authority.

44. The actions by the City's officers, agents and employees, acting within the course and scope of their employment for which the Defendant City is vicariously liable, constitute the false arrest of the Plaintiff Adams.

45. The above referenced Court Case, # B-17-015093, was terminated in favor of the Plaintiff Adams when the Plaintiff Adams' charges were nolle *prossed*.

46. As a result of the City's actions, the Plaintiff Adams has sustained compensatory damages, including but not limited to damages for the pain, suffering, humiliation and damage to reputation to which the Plaintiff Adams has been subjected, economic damages in the form of lost income and attorneys fees, and such other additional equitable relief as may be just and proper.

**COUNT VI**
**PLAINTIFF ADAMS' CLAIM AGAINST THE CITY**
**FOR VIOLATION OF 42 U.S.C. §1983**

47. The Plaintiff Adams realleges and reavers the allegations contained in paragraphs 1 - 46 as if fully set forth herein.

48. At all times material hereto The City of Miami Beach, Florida, was a municipal entity organized under the laws of the State of Florida and is an entity subject to suit pursuant to 42 U.S.C. §1983 and further, was acting under color of state law, regulation, policy, custom, or usage.

49. Daniel Oates, as Chief of Police of the Miami Beach Police Department, and Jimmy L. Morales, as City Manager of Miami Beach, had, during the periods encompassing the Plaintiff Adams' arrests, final policymaking authority as it pertains to the City of Miami Beach Police Department.

50. As "final policymakers" the actions of Oates and Morales subject the City of Miami Beach to liability for violation of 42 U.S.C. §1983.

51. The false arrests of the Plaintiff Adams, as described in Paragraphs 1-46 above, occurred as a result of: (1) the unofficial custom or practice or the repeated acts of Oates and/or Morales in construing the provisions of the City of Miami Beach Code and the Miami-Dade Code at Oates' discretion the result of which innocent conduct on the part of Adams was arbitrarily and capriciously criminalized and/or, (2) Oates' and Morales' deliberate indifference to the presentation of criminal charges against Adams, which Oates knew to be false, to the State Attorney of the 11th Judicial Circuit of Florida.

52. The actions of the City of Miami Beach, acting by and through its final

policymakers Oates and/or Morales, as set forth in ¶51 above, resulted in the false arrests of Adams violating clearly established and well-settled constitutional rights and privileges of Adams guaranteed by the Constitution of the United States including his Fourth and Fourteenth Amendment rights and 42 U.S.C. §1983. These rights and privileges include:

   a) The right and privilege to be free from unreasonable seizure of his person.

   b) The right and privilege to be free from deprivation of liberty without due process of law.

   c) The right and privilege to be free from arrest without probable cause.

   d) The right and privilege to be free from the use of perjured and/or false police reports and/or affidavits used to establish probable cause for arrest and prosecution.

   e) The right and privilege to be free from deceptive and/or false and misleading statements and evidence provided to the prosecuting authorities as a basis for the filing of criminal charges and prosecution.

   53.   The Defendant City of Miami Beach's violations of Adams' constitutional rights and privileges as alleged above represented the official policy or custom of the City of Miami Beach because they were carried out by the actions or decisions of the final policymakers, Oates and Morales, and/or pursuant to a widespread practice constituting custom or usage with the force of law.

   54.   At al times material hereto, Defendant City of Miami Beach permitted and tolerated the above described acts and thereby caused a custom, pattern and practice of unjustified unreasonable and illegal false arrests, detentions and/or prosecutions by the City of Miami Beach Police Department, against members of the public, including Plaintiff, which violated their Fourth, Fifth, Sixth and Fourteenth Amendment rights.  Although such acts

were improper, police officers involved were not prosecuted, and/or disciplined and/or subjected to restraining.  As a result, police officers were encouraged to believe that members of the public could be subjected to illegal arrest, detentions and/or prosecutions, and that said illegal arrests, detentions and/or prosecutions would be permitted by The City of Miami Beach.

55.     The foregoing acts, omissions, policies or customs of Defendant City of Miami Beach caused officers, including those involved in the Plaintiff Adams' five arrests, to believe that acts such as unlawful seizures and/or detentions, and/or arrests and/or prosecutions, among other things, would not be properly investigated, with the foreseeable results that officers were more likely to make unlawful seizures or detentions and/or arrests and/or prosecutions.

56.     The Plaintiff Adams has been a victim of said abuses of lawful authority, and said illegal were the foreseeable result of the previously described acts, omissions, policies or customs of said Defendant.

57.     As a direct and proximate result of the violation and curtailment of Adams' clearly established and well-settled constitutional rights and privileges as alleged above, Adams has suffered loss of employment, attorneys's fees incurred as a result of his false arrest, and mental pain and suffering including embarrassment, humiliation, deprivation of liberty, and disgrace and injuries to his feelings and reputation. The mental pain and suffering is ongoing and will continue in the future. Plaintiff has suffered loss of income and earning capacity in the past and will continue to suffer loss of earning capacity in the future.

58.     Adams has retained counsel to seek the relief sought herein and he is entitled

to attorney's fees and costs pursuant to 42 U.S.C. §1983 and 42 U.S.C. §1988.

WHEREFORE Adams demands judgment against the City of Miami Beach for compensatory damages, attorney's fees, costs, and such other and further relief as this Court may deem just and proper under the circumstances.

### DEMAND FOR JURY TRIAL

The Plaintiffs hereby demands trial by jury of all issues so triable.

    Respectfully submitted,

    Hunter & Lynch
    Christopher J. Lynch, Esq.
    FBN: 331041
    Steven K. Hunter, Esq.
    FBN: 219223
    6915 Red Road, Suite 208
    Coral Gables, FL 33143
    Clynch@hunterlynchlaw.com
    Lmartinez@hunterlynchlaw.com

    Law Office of Gerald J. Tobin, P.A.
    Gerald J. Tobin, Esq.
    FBN: 81536
    Howard Brodsky, Esq.
    FBN: 817252
    4551 Ponce de Leon Blvd.
    Coral Gables, FL 33146
    geraldtobinpa@aol.com